# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

*IN RE: DEVA CONCEPTS PRODUCTS LIABILITY LITIGATION*

Master File No. 1:20-cv-01234-GHW

----------------------------------------------------

THIS DOCUMENT RELATES TO:

 ALL ACTIONS

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL, INTERIM LIAISON COUNSEL, AND INTERIM EXECUTIVE COMMITTEE PURSUANT TO FED. R. CIV. P. 23(g)(3)

**KANTROWITZ GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977
Tel.: (845) 356-2570
Fax: (845) 356-4335

**MASON LIETZ & KLINGER LLP**
5101 Wisconsin Avenue NW, Suite 305
Washington, D.C. 20016
Tel.: (202) 429-2290
Fax: (202) 42902294

*[Additional Counsel Listed On Signature Page]*

***Counsel for Plaintiffs***

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ……………………………………………….. 1

II. BACKGROUND…………………………………………………… 2

III. APPLICABLE LAW……………………………………………….. 3

IV. ARGUMENT……………………………………………………….. 4

 A. Proposed Interim Counsel Have Performed Substantial Work
  Investigating And Litigating The Claims……………………………5

 B. Proposed Interim Counsel Have Significant Experience Litigating
  Consumer Defect Class Actions And Extensive Knowledge of
  Applicable Law………………………………………………………… 6

  1. Interim Co-Lead Counsel…………………………………………6

   a. Gary E. Mason and Gary M. Klinger (Mason Lietz & Klinger)……7

   b. Charles E. Schaffer (Levin Sedran & Berman LLP)……………… 9

   c. Rachel Soffin (Greg Coleman Law)……………………………… 11

  2. Interim Liaison Counsel……………………………………….. 12

  3. Interim Executive Committee……………………………………….. 13

   a. Melissa R. Emert (Stull, Stull & Brody)…………………………13

   b. Jeffrey Goldenberg (Goldenberg Schneider, L.P.A.)……………… 15

   c. John Macoretta (Spector Roseman & Kodroff, P.C.)……………… 16

   d. Joel Rhine (Rhine Law Firm)…………………………………… 17

   e. Gordon Rudd (Zimmerman Reed, LLP)………………………… 18

   f. Robert S. Schachter (Zwerling, Schachter & Zwerling)…………… 18

   g. Jonathan Shub (Shub Law Firm LLC)………………………….. 19

h.   Melissa Weiner (Pearson, Simon & Warshaw, LLP)……………….20

C.   Proposed Interim Counsel Have Committed, And Will Continue
To Commit, The Resources Necessary To Represent The Class……………21

D.   Other Factors Support Designating Proposed Interim Counsel…………….22

V.      CONCLUSION……………………………………………………………….25

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                        **Page**

*Bernstein v. Cengage Learning, Inc.*,
2019 WL 6324276 (S.D.N.Y. Nov. 26, 2019) …………………………………………… 3,4

*Buonasera v. Honest Co., Inc.*,
318 F.R.D. 17, 18 (S.D.N.Y. 2016) ……………………………………………………3,4

*In re Aluminum Phosphide Antitrust Litig.*,
No. 93-2452, et. al., 1994 WL 4818487 (D. Kan. May 17, 1994)…………………………..22

*In re Amla Litig.*,
320 F.R.D. 120 (S.D.N.Y. 2017) ……………………………………………………4

*In re Mun. Derivatives Antitrust Litig.*,
252 F.R.D. 184 (S.D.N.Y. 2008)………………………………………………….. 4

*Szymczak v. Nissan N. Am., Inc.*,
No. 10 CV 7493 VB, 2012 WL 1877306 (S.D.N.Y. May 15, 2012) ……………………... 1


**Statutes**

Fed R. Civ. P. 23(g)(1)(A) ……………………………………………………4

Fed R. Civ. P. 23(g)(1)(B) …………………………………………………… 4

Fed R. Civ. P. 23(g)(1)(C) …………………………………………………..20

Fed. R. Civ. P. 23(g)(3) ……………………………………………………….3

Fed. R. Civ. P. 23, Advisory Committee Notes (2003) …………………………… 3


**Miscellaneous**

Bolch Jud. Inst., Duke Law Sch., Guidelines and Best Practices
for Large and Mass-Tort MDLs, 32 (2d ed. 2018)…………………………………… 1

Bolch Judicial Institute, Duke Law School,
Guidelines and Best Practices for Large and Mass-Tort MDLs 38 (2d ed. 2018) …………22

Manual for Complex Litigation § 10.221 (4th ed. 2004)……………………………….4

**Miscellaneous (cont.)**                                               **Page**

MANUAL FOR COMPLEX LITIGATION § 10.23 (4th ed. 2004) …………………………… 22

MANUAL FOR COMPLEX LITIGATION § 21.11 (4th ed. 2004) …………………………… 1,3

MANUAL FOR COMPLEX LITIGATION § 21.22 (4th ed. 2004) …………………………… 4

MANUAL FOR COMPLEX LITIGATION § 21.221 (4th ed. 2004)………………………….. 6,12,13

## I.    **INTRODUCTION**

Federal Rule of Civil Procedure 23(g)(3) allows for the appointment of interim counsel "to act on behalf of a putative class prior to the certification of a case as a class action." *Szymczak v. Nissan N. Am., Inc.*, No. 10 CV 7493 VB, 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012). "Designation of lead counsel now ensures the protection of the interests of the class in making and responding to motions, conducting discovery, and negotiating possible settlements." *Id.* (citing MANUAL FOR COMPLEX LITIGATION § 21.11 (4th ed. 2004)).

Plaintiffs respectfully submit this memorandum of law in support of their motion requesting that the Court designate Gary E. Mason (Mason Lietz & Klinger LLP), Gary M. Klinger (Mason Lietz & Klinger LLP), Charles Schaffer (Levin Sedran & Berman LLP), and Rachel Soffin (Greg Coleman Law) as Interim Co-Lead Counsel; Gary S. Graifman (Kantrowitz Goldhamer & Graifman, P.C.) as Interim Liaison Counsel; and Melissa R. Emert (Stull, Stull & Brody), Jeffrey Goldenberg (Goldenberg Schneider, L.P.A.), John Macoretta (Spector Roseman & Kodroff, P.C.), Joel Rhine (Rhine Law Firm), Gordon Rudd (Zimmerman Reed LLP), Robert S. Schachter (Zwerling, Schachter & Zwerling), Jonathan Shub  (Shub law Firm LLC), and Melissa Weiner (Pearson, Simon & Warshaw, LLP) as Interim Executive Committee members (collectively, "Proposed Interim Counsel").[1]

Plaintiffs propose that Interim Co-Lead Counsel, in consultation with Interim Liaison Counsel and the Interim Executive Committee, shall have responsibility for strategic decisions

---

[1] Plaintiffs identify individual counsel for appointment.  *See, e.g.*, Bolch Jud. Inst., Duke Law Sch., Guidelines and Best Practices for Large and Mass-Tort MDLs, 32 (2d ed. 2018) ("Duke Guidelines") ("Although some courts appoint firms to serve in leadership positions, it is usually preferable to appoint individual lawyers…."). Proposed Interim Counsel, also commits the resources, skills and experience of others within their respective firms to the litigation, and to that end, provides firm information for this Court's consideration as well.

associated with the prosecution of these consolidated cases (and any subsequently filed consolidated case). As described below, this proposed leadership structure will permit Plaintiffs to prosecute this case efficiently and in the best interests of the putative class. The proposed leadership structure is also supported by the following additional factors:

- Proposed Interim Counsel have performed substantial work investigating and litigating these claims for more than five months;

- Proposed Interim Counsel have the experience, knowledge, and resources to continue to prosecute this action in the putative class's best interests, including substantial experience litigating consumer class actions; and

- The proposed leadership structure has the support of all the Plaintiffs and firms involved in this litigation. This is particularly significant because many of the firms involved are qualified to lead the case in their own right and have agreed to support this proposed leadership structure.

## II.   **<u>BACKGROUND</u>**

This litigation arises out of claims against Defendant Deva Concepts, LLC ("Defendant" or "Deva Concepts") involving alleged defective and deceptively labeled hair care products which lead consumers to believe that the products are safe and gentle on hair when they are not. Defendant has engaged in an extensive, uniform marketing campaign touting the DevaCurl Products as nourishing, hydrating, and free of harsh ingredients when, in fact, thousands of consumers have reported experiencing damage to their hair and scalp from using the products as directed by Defendant. As the Court is aware, numerous related class actions were filed at or around the same time against Defendant raising the same or similar claims. Since then, the parties

to the related actions, led by Proposed Interim Counsel, have worked diligently to coordinate the litigation to facilitate its orderly and efficient prosecution.

On April 21, 2020, this Court entered an Order consolidating eight proposed class actions pending in this District against Defendant: *Dixon v. Deva Concepts, LLC*, No. 1:20-cv-01234-GHW ("*Dixon*"); *Ciccia v. Deva Concepts*, *LLC*, No. 1:20-cv-02047-GHW ("*Ciccia*"); *Schwartz v. Deva Concepts, LLC,* No. 1:20-cv-01234-GHW ("*Schwartz*"); *Bolash v. Deva Concepts, LLC*, No. 1:20-cv-02047-GHW ("*Bolash*"); *Abdulahi v. Deva Concepts, LLC,* No. 1:20-cv-02047-GHW ("*Abdulahi*"); *Reilly v. Deva Concepts, LLC,* No. 1:20-cv-02156-GHW ("*Reilly*"); *Orner v. Deva Concepts, LLC*, Case No. 1:20-cv-02662-GHW ("*Orner*"); and *Souza v. Deva Concepts, LLC*, No. 1:20-cv-02930-GHW ("*Souza*"). *See generally Stipulation to Consolidate Actions* [Doc. 25].[2] Plaintiffs now seek court-approval of a leadership structure that will further facilitate the orderly and expeditious resolution of this litigation.

## III.   APPLICABLE LAW

Rule 23(g)(3) provides that the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities[.]" MANUAL FOR COMPLEX LITIGATION § 21.11 (4th ed. 2004). *See also Buonasera v. Honest Co., Inc*., 318 F.R.D. 17, 18 (S.D.N.Y. 2016) (similar); *Bernstein v. Cengage Learning, Inc.*, 2019 WL 6324276, at *2 (S.D.N.Y. Nov. 26, 2019) ("Establishing interim lead counsel in this action will minimize the risk of duplicative filings and allow the Court to consolidate related filings more efficiently."). Indeed, the Advisory Committee

---

[2] *Crawley v. Deva Concepts, LLC*, No. 1:20-cv-03152 (S.D.N.Y.) was recently related to the consolidated action.

Notes to Rule 23 recognize "that in many cases the need to progress toward the certification determination may <u>require</u> designation of interim counsel." Fed. R. Civ. P. 23, Advisory Committee Notes (2003) (emphasis added).

When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A) of the Federal Rules of Civil Procedure. *See In re Mun. Derivatives Antitrust Litig*., 252 F.R.D. 184, 186 (S.D.N.Y. 2008); *Bernstein*, 2019 WL 6324276, at *1 (similar); *Buonasera*, 318 F.R.D. at 18 (similar); *In re Amla Litig.*, 320 F.R.D. 120, 121 (S.D.N.Y. 2017) (similar). Rule 23(g)(1)(A) provides, in relevant part, that in appointing class counsel the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources counsel will commit to representing the class.

Fed R. Civ. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The purpose of the Court's review is to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable. MANUAL FOR COMPLEX LITIGATION § 21.22 (4th ed. 2004). And the ultimate goal in designating counsel is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* at § 10.221.

## IV.  <u>ARGUMENT</u>

Proposed Interim Counsel satisfy all requirements for appointment by the Court. These

attorneys have successfully litigated scores of class actions involving defective products and false advertising claims on behalf of millions of consumers, including some of the largest and most complex nationwide cases. *See, e.g., In re: Chinese-Manufactured Drywall Prod. Liab. Litig.*, MDL No. 2047 (E.D. La.) ($1 billion); *In re: Diet Drug Prod. Liab. Litig.*, MDL No. 1203 (E.D. Pa.) ($6.75 billion); *In re: Vioxx Prod. Liab. Litig.,* MDL No. 1657 (E.D. La.) ($4.85 billion). Gary Mason, Gary Klinger, Charles Schaffer and Rachel Soffin, as well as proposed Interim Liaison Counsel and the members of the proposed Interim Executive Committee, have the necessary resources to prosecute the litigation in a timely manner and are already working, and will continue to work, cooperatively to efficiently and effectively manage the litigation, as they have repeatedly done in the past. Because Proposed Interim Counsel have the case management and complex litigation skills, knowledge of the factual and legal issues at issue, excellent legal capabilities, and extensive resources to efficiently prosecute this action, Plaintiffs' motion should be granted.

## A. Proposed Interim Counsel Have Performed Substantial Work Investigating And Litigating The Claims

Proposed Interim Counsel began investigating these claims more than five months ago and collectively have invested hundreds of hours on this litigation. The substantial work performed to date includes:

- Investigating the defects at issue;

- Interviewing hundreds of consumers injured by Defendant's defective hair care products;

- Researching legal claims;

- Drafting initial pleadings;

- Organizing plaintiffs and counsel and consolidating the relevant actions for unified proceedings;

- Drafting a consolidated class action complaint;

- Identifying potential experts;

- Coordinating the litigation schedule with defense counsel; and

- Analyzing topics for discovery and drafting discovery requests.

Proposed Interim Counsel have efficiently and effectively organized Proposed Interim Counsel's efforts during this period. Work assignments have been, and continue to be, allocated fairly and in a manner so as to take advantage of the strengths of each firm. As such, Proposed Interim Counsel now operates as a cohesive, well-organized group. Accordingly, the substantial work and investigation to date described above weigh in favor of appointing Proposed Interim Counsel pursuant to Rule 23(g)(3).

**B. Proposed Interim Counsel Have Significant Experience Litigating Consumer Defect Class Actions And Extensive Knowledge Of Applicable Law**

1. <u>Interim Co-Lead Counsel</u>

Lead counsel are charged with formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation. MANUAL FOR COMPLEX LITIGATION § 21.221 (4th ed. 2004). "Typically they act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met." *Id*.

Plaintiffs propose that Gary Mason, Gary Klinger, Charles Schaffer, and Rachel Soffin be designated Interim Co-Lead Counsel.

### a. Gary E. Mason and Gary M. Klinger (Mason Lietz & Klinger LLP)[3]

Gary E. Mason is a nationally recognized leader of the plaintiffs' class action bar with nearly 30 years of experience representing plaintiffs, primarily consumers and homeowners, in a broad range of class actions. *See* Declaration of Gary E Mason in Support of Plaintiffs' Motion for Appointment of Interim Counsel ("Mason Decl."), ¶6.[4] Before founding his current firm, Mr. Mason was the Founding Partner and Chairman of Whitfield Bryson & Mason, LLP, a 12-attorney law firm specializing in class and complex litigation, with offices in Washington, D.C., Kentucky, Tennessee and North Carolina. *Id* at ¶5. He is also a past Co-Chair of the Class Action Litigation group for the American Association for Justice and presently serves as the Chairman of its Rule 23 Task Group. *Id*. at ¶5. Mr. Mason has led or substantially participated in cases leading to the recovery of more than $2 billion dollars. *Id*. at ¶5.

Over the course of his 30-year career, Mr. Mason has managed hundreds of class actions, over a diverse range of subject matters, including defective products, environmental accidents, privacy, wage and hour, consumer fraud and antitrust. *Id*. at ¶6. He currently serves as court-appointed liaison Counsel in: *In re: U.S. Office of Personnel Management (OPM) Data Security Breach Litigation*, MDL No. 2664, No. 1:15-cv-01394 (D.D.C.), a class action arising from a data breach affecting 27 million federal employees; co-lead counsel in *Bell et al. v. WestRock, CP, LLC et al*, No. 3:17-cv-829-JAG (E.D. Va.), an environmental nuisance case in which he successfully argued for class certification; and co-lead counsel in *Falk et al. v. Nissan North*

---

[3] Mr. Mason intends to work closely with his junior partner, Gary Klinger, on this matter to take advantage of this opportunity for Mr. Klinger to gain experience on complex litigation.

[4] The Mason Decl. is attached as **Exhibit 1** to the Declaration of Gary S. Graifman In Support of Fed. R. Civ. P. 23(g) Motion ("Graifman Decl.") which also contains the firm resume for Mason Lietz & Klinger and Mr. Mason's personal resume. Additional information is available at www.masonllp.com.

*America, Inc.*, No. 4:17-cv-04871 (N.D. Cal.), a class action in which he recently moved for preliminary approval of a settlement covering over three million vehicles.  Mason Decl. at ¶6.

Mr. Mason's appointed leadership roles in previous class actions include *Hobbie v. RCR Holdings II, LLC et al*, No. 10-113, MDL No. 2047 (E.D. La.), where he served as co-lead Counsel against manufactures of Chinese Drywall and the builder of a 354-unit condominium built with Chinese Drywall resulting in a settlement for complete remediation at cost of over $30 million. Mason Decl. at ¶7.  In *In re Google Buzz Privacy Litigation*, No. 10-cv00672-JW (N.D. Cal.), he served as the Court-appointed lead counsel in a class action against Google alleging that the automatic enrollment of Gmail users in Google Buzz caused the public disclosure of Gmail users' information. Mason Decl. at ¶7.  This litigation resolved with a $10 million settlement fund for the class. *Id*. at ¶7. Mr. Mason's class action leadership experience also includes:

- *Galanti v. Goodyear Tire & Rubber Co*., No. 03-cv-00209 (D.N.J.) (Co-Lead Counsel in a class action against Goodyear alleging that the heating tubing it supplied was defective. This litigation was recently resolved with a $330 million settlement fund).

- *Kendrick v. Standard Fire Ins. Co*., No. 06-141-DLB (E.D. Ky.) (Lead Counsel in a class action against 11 insurance companies alleging improper collection of local government premium taxes.  After the class was certified, *see Kendrick v. Standard Fire Ins. Co*., No. 06-141-DLB, 2010 U.S. Dist. LEXIS 135694 (E.D. Ky. Sep. 30, 2010), and affirmed on appeal, *Young v. Nationwide Mut. Ins. Co*., 693 F.3d 532 (6th Cir. 2012), in an oft-cited opinion (235 citations to date), all defendants settled by creating settlement funds and directly refunding their insureds).

- *Stalcup et al. v. Thomson, Inc*. (Ill. Cir. Ct.) (Co-Lead Counsel; $100 million class settlement of claims that certain GE, PROSCAN and RCA televisions may have been susceptible to temporary loss of audio when receiving broadcast data packages that were longer than reasonably anticipated or specified).

- *In re Synthetic Stucco Litigation*, No. 5:96-CV-287-BR(2) (E.D.N.C.) (member of Plaintiffs' Steering Committee; settlements with four EIFS Manufacturers for North Carolina homeowners valued at more than $50 million).

- *Stillman v. Staples, Inc.,* No. 07-849 (D.N.J.) (Co-Lead Counsel; FLSA collective action, plaintiffs' trial verdict for $2.5 million; national settlement approved for $42 million).

- *Staton v. IMI South et al.* (Ky. Cir. Ct.) (class settlement for approximately $30 million for repair and purchase of houses built with defective concrete).

Mason Decl. at ¶7. Mr. Mason has successfully briefed, argued and defended on appeal three motions for class certification, one of which resulted in a frequently cited U.S. Court of Appeals opinion affirming class certification. *See Young et al. v. Nationwide Mut. Ins. Co*, 693 F.3d 532 (6th Cir. 2012). Mr. Mason has significant experience trying class action cases as well.[5]

   b. *Charles E. Schaffer (Levin Sedran & Berman LLP)*

   Charles E. Schaffer is a partner at Levin Sedran & Berman LLP. *See* Declaration of Charles Schaffer in Support of Plaintiffs' Motion for Appointment of Interim Counsel ("Schaffer Decl."), ¶1.[6] With over 25 years of experience, Mr. Schaffer is a nationally-recognized leader in complex litigation, having been appointed as Lead, Co-Lead or PSC member on a regular basis by federal courts across the country. *Id*. at ¶5. *See, e.g., In re Apple Inc. Device Performance Litig*., MDL No. 2827 (N.D. Cal.) (Plaintiffs' Executive Committee); *In re Intel Corp. CPU Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2838 (D. Or.) (Plaintiffs' Executive Committee); *In Re Aqueous Film-Foaming Foams (AFFF) Prods. Liab. Litig*., MDL No. 2873 (D.S.C.) (Plaintiff's Steering Committee); *In re Wells Fargo Insurance Mktg. Sales Practices Litig*., MDL No. 2797 (C.D. Cal.) (Plaintiffs' Executive Committee); *In re: JP Morgan Modification Litig*., MDL No. 2290 (D. Mass.) (Plaintiffs' Co-lead Counsel); *In re: IKO Roofing Prods. Liab. Litig*., MDL No. 2104 (C.D. Ill.) (Plaintiffs' Co-lead Counsel); *In re: HardiePlank Fiber Cement Siding*

---

[5] *See In re The Exxon Valdez*, No. 89-00095 (D. Alaska) (Mr. Mason represented Alaska Natives in a mass tort and was part of team that won a judgment of $5 billion in punitive damages after jury trial - at the time the largest punitive damage verdict in U.S. history – which was later reduced to $507.5 million by the U.S. Supreme Court); *Helmer et al. v. Goodyear Tire & Rubber Co*., No. 1:12-cv-00685 (D. Colo.) (class action tried to jury verdict; class certified upon motion argued by Mr. Mason).

[6] The Schaffer Decl., which also contains the firm resume for Levin Sedran & Berman LLP and Mr. Schaffer's personal resume, is annexed as **Exhibit 2** to the Graifman Decl. Additional information is available at www.lfsblaw.com.

*Litig.*, MDL No. 2359 (D. Minn.) (Plaintiffs' Executive Committee); *In re Navistar Diesel Engine Prods. Liab. Litig.,* MDL No. 2223 (N.D. Ill.) (Plaintiffs' Executive Committee); *In re: Azek Decking Sales Practice Litig.*, No. 12-6627 (D.N.J.) (Plaintiffs' Executive Committee).[7] In addition, he has served as a member of litigation teams where Levin Sedran was appointed to leadership positions. For instance, Levin Sedran served as Lead Counsel in *In re Chinese Manufactured Drywall Product Liability Litigation*, MDL No. 2047 (E.D. La.). Schaffer Decl. at ¶5. Against tremendous odds and at great effort and expense, Levin Sedran, along with other leadership counsel including Gary Mason, dedicated ten years to prosecuting claims on behalf of thousands of homeowners who had defective Chinese Drywall installed in their homes. *Id.* at ¶8. Levin Sedran's leadership led to settlements valued at more than $1 billion. *Id.* at ¶8.

Mr. Schaffer was similarly instrumental in bringing about settlements in *In Re CertainTeed Corporation Roofing Shingles Product Liability Litigation*, MDL No. 1817 (E.D. Pa.), which was approved by the court in 2010 and valued at $815,000,000; *In re CertainTeed Fiber Cement Siding Litigation*, MDL No. 2270 (E.D. Pa.), which was a common fund settlement of $103.9 million dollars; *In re: JP Morgan Modification Litigation*, MDL No. 2290 (D. Mass.), which was approved by the court and valued at $506 million dollars by a former treasury department official; *Pollard v. Remington Arms Co.*, No. 4:13-CV-00086-ODS (W.D. Mo.),

---

[7] *See also In re: Pella Corporation Architect & Designer Series Windows Mktg. Sales Practices & Prod. Liab. Litig.*, MDL No. 2514 (D.S.C.) (Plaintiffs' Executive Committee); *In re: Navistar Diesel Engine Prods. Liab. Litig.*, MDL No. 2223 (N.D. Ill.) (Plaintiffs' Steering Committee); *In re: CitiMortgage, Inc. Home Affordable Modification Program ("HAMP"),* MDL No. 2274 (C.D. Cal.) (Plaintiffs' Executive Committee); *In re: Carrier IQ Consumer Privacy Litig.,* MDL No. 2330 (N.D. Cal.) (Plaintiffs' Executive Committee); *In re: Dial Complete Marketing & Sales Practices Litig.*, MDL No. 2263 (D.N.H.) (Plaintiffs' Executive Committee); *In re: Emerson Electric Co. Wet/Dry Vac Mktg. & Sales Litig.*, MDL No. 2382 (E.D. Miss.) (Plaintiffs' Executive Committee); *In re: Colgate-Palmolive Soft Soap Antibacterial Hand Soap Mktg. & Sales Practice Litig.*, No. 12-md-2320 (D.N.H.) (Plaintiffs' Executive Committee); *Gold v. Lumber Liquidators, Inc.*, No. 3:14-cv-05373-TEH (N.D. Cal.) (Plaintiffs' Executive Committee).

which was approved by the court in 2016 and valued at $97,000,000; and *In re Wells Fargo Insurance Marketing Sales Practices Litigation*, MDL No. 2797 (C.D. Cal.), which is a claims made settlement valued at more than $300 million dollars. Schaffer Decl. at ¶6.

          *c. Rachel Soffin (Greg Coleman Law)*

Rachel Soffin is a Senior Attorney at Greg Coleman Law PC, an AV rated, full-service law firm specializing in consumer class action and mass tort litigation. *See* Declaration of Rachel Soffin in Support of Plaintiffs' Motion for Appointment of Interim Counsel ("Soffin Decl."), ¶4.[8] For more than a decade, Ms. Soffin's practice has been exclusively dedicated to consumer class action litigation. *Id*. at ¶4. Ms. Soffin has successfully represented consumers in numerous class action cases involving a wide range of subjects, including product defects, racial discrimination, deceptive trade practices, and statutory violations. *See, e.g.*, *Berman et al v. General Motors LLC*, No. 2:18-cv-14371-RLR (S.D. Fla.) ($40 million value settlement for consumers whose vehicles experienced excessive oil consumption and resulting damages); *Price et. al v. L'Oréal USA, Inc. et al*, No. 1:17-cv-00614 (S.D.N.Y.) (certified class action for alleged deceptive conduct involving labeling of hair care products); *De Leon v. Bank of America, N.A. (USA)*, No. 6:09-cv-01251-JA-KRS (M.D. Fla.) ($10 million settlement for consumers subjected to violations of the Fair Credit Billing Act, a breach of their Cardholder Agreement and deceptive trade practices); *Swift v. Bank of America*, No. 3:14-cv-01539 (M.D. Fla) ($1 million settlement for consumers subjected to TCPA violations); *In re: Horizon Organic Milk Plus DHA Omega-3 Marketing and Sales Practice Litigation*, 1:12-MD-02324-JAL (S.D. Fla.) ($1.3 million settlement value for consumers subjected to deceptive trade practices for misrepresentations regarding a milk product); *In re:*

---

[8] The Soffin Decl., which also contains the firm resume for Greg Coleman Law PC and Ms. Soffin's personal resume, is annexed as **Exhibit 3** to the Graifman Decl. Additional information is available at www.gregcolemanlaw.com.

*Tracfone Unlimited Service Plan Litigation*, No. 13-cv-03440-EMC (N.D. Cal) ($40 million settlement for consumers subjected to deceptive cellular phone data plan practices); *In re Black Farmers Discrimination Litigation*, No 08-ML-0511 (D.D.C.) ($1.2 billion settlement for farmers subjected to discrimination by the USDA). *Id*. at ¶5.

In addition to prosecuting the above class actions, in 2010, Ms. Soffin successfully defended now United States Senator Charlie Crist in a class action brought against him by individuals who sought a refund of their contributions to Crist's U.S. Senate Campaign because he changed political parties during his campaign. *See Linda A. Morton and John D. Rood v. Charlie Crist, Individually, and The Charlie Crist for U.S. Senate Campaign*, No. 10-2846-CA (Fla. 20th Cir. Ct. 2010).

Ms. Soffin has been recognized by Super Lawyers as a Florida Rising Star (2011-2013) and a Florida Super Lawyer (2014-2018).

### 2. Interim Liaison Counsel

Liaison counsel are primarily charged with administrative matters, such as communications between the court and other counsel, convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions. MANUAL FOR COMPLEX LITIGATION § 21.221 (4th ed. 2004). Liaison counsel usually have offices in the same locality as the court. *Id*.

Here, Plaintiffs propose that Gary S. Graifman and his firm, Kantrowitz, Goldhamer & Graifman, P.C. ("KGG"), serve as Interim Liaison Counsel. As a local attorney, Mr. Graifman is intimately familiar with the local rules, practices, and procedures of this District. *See* Declaration of Gary S. Graifman in Support of Plaintiffs' Motion for Appointment of Interim Counsel

("Graifman Decl."), ¶4.[9] KGG is a leading New York class action firm in the area of consumer

class action litigation and has successfully litigated numerous class action matters in this district

and courts throughout the nation.  *Id.* at ¶4.

A sampling of the consumer class action cases in which Mr. Graifman has served as lead

counsel or co-lead counsel include:

- *In re Volkswagen Timing Chain Products Liability Class Action*, 16-cv-2765 (JLL) (D.N.J.) (served as co-lead counsel and negotiated $50 million settlement on behalf of nationwide class);

- *Coffeng v. Volkswagen Group of America*, 3:17-cv-01825-JD (N.D. Cal.) (served as co-lead counsel and negotiated $32 million settlement on behalf of nationwide class);

- *Seifi, et al. v. Mercedes-Benz USA, LLC*, 2014 WL 8370026 (N.D.Ca. Dec. 17, 2014) (served as co-lead counsel and negotiated nationwide settlement at the class certification stage);

- *Eidelman v Sun Products Corp.*, 2017 WL 4277187 (S.D.N.Y. Sept. 25, 2017) (KGG is sole counsel in this putative class action involving a laundry product alleged as recommended for sensitive skin which contains allergens that can cause skin irritation);

- *Jermyn v Best Buy Stores, L.P.*, 256 F.R.D. 418 (S.D.N.Y. 2009) (McMahon, J.) (KGG was co-lead counsel in this consumer class action which settled after a litigation class was certified by the Court);

- *In re Nissan Radiator Transmission Cooler Litig.*, 2013 WL 4080946 (S.D.N.Y. May 30, 2013) (KGG was co-lead counsel and the matter settled on a nationwide basis at the class certification stage);

- *Chiarelli v. Nissan North America, Inc.*, 2015 WL 5686507 (E.D.N.Y. Sept. 25, 2015) (currently serving as co-lead counsel).

   3.   Interim Executive Committee

---

[9] The Declaration of Gary S. Graifman, which also contains the firm resume for KGG and Mr. Graifman's personal resume, is annexed as **Exhibit 4** to the Graifman Decl.  Additional information is available at www.kgglaw.com.

Executive committees, or steering committees, are useful where group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making. MANUAL FOR COMPLEX LITIGATION § 21.221 (4th ed. 2004).

### a. Melissa R. Emert (Stull, Stull & Brody)

Melissa Emert has been litigating complex actions with Stull, Stull & Brody ("SS&B") for over twenty-five years, with the firm itself litigating class actions and other complex litigation for more than 40 years. *See* Declaration of Melissa Emert in Support of Plaintiffs' Motion for Appointment of Interim Counsel ("Emert Decl."), ¶4.[10] During her time with the firm, Ms. Emert has had extensive involvement in consumer, securities and ERISA class action cases, as well as derivative actions, which resulted in significant recoveries. *Id*. at ¶4. Ms. Emert developed and is Co-Chair of SS&B's Consumer Class Action Litigation Group. *Id*. at ¶4.

Ms. Emert has been appointed to leadership positions in numerous complex class action cases, including MDLs. *See, e.g., In re: Daily Fantasy Sports Litig*., No. 1:16-md-02677-GAO (D. Mass. 2016) (co-lead counsel); *In re Intel Corp. CPU Mktg. and Prod. Liab. Litig*., No. 3:18-md-02828 (D. Or. 2018) (plaintiffs' steering committee); *In re German Auto. Mfr. Antitrust Litig*., No. 3:17-md-02796 (N.D. Cal. 2017) (plaintiffs' steering committee); *In re: Apple Inc. Device Performance Litig*., 5:18-md02827 (N.D. Cal. 2018) (plaintiffs' executive committee); *In re Sonic Corp. Customer Data Sec. Breach Litig*., 1:17-md-02807 (N.D. Ohio 2017) (plaintiffs' steering committee); *In re: Hill's Pet Nutrition, Inc. Dog Food Products Liability Litig*., MDL No. 2887, Case No. 19-md-2887 (D. Kan. 2019) (plaintiffs' executive committee); *Echavarria v. Facebook, Inc*., No. C 18-05982 (N.D. Cal. 2018) (class counsel); *In re Google Location History Litig*, No.

---

[10] The Emert Decl., which also contains the firm resume for SS&B and Ms. Emert's personal resume, is annexed as **Exhibit 5** to the Graifman Decl. Additional information is available at www.ssbny.com.

5:18-cv-05062-EJD (N.D. Cal. 2019) (court appointed interim class co-counsel); *Hughley v. Univ. of Cent. Florida Bd. of Tr.*, No. 2016-CA-001654-O (9th Judicial Cir., Fla.) (co-lead counsel.)[11]

### b. Jeffrey Goldenberg (Goldenberg Schneider, L.P.A.)

Jeffrey Goldenberg, one of the co-founders of Goldenberg Schneider, LPA, has been litigating complex civil actions for over twenty-five years. *See* Declaration of Jeffrey Goldenberg in Support of Plaintiffs' Motion for Appointment of Interim Counsel ("Goldenberg Decl."), ¶4.[12] Mr. Goldenberg has served as lead, co-lead, or class counsel in numerous successful MDLs and class actions. *See, e.g., In re: Ford Motor Co. Spark Plug and 3-Valve Engine Products Liability Litigation*, MDL No. 2316, No. 1:12-MD-2316 (N.D. Ohio) (appointed co-lead counsel; negotiated settlement providing reimbursement for defect related costs for 5 million class members); *Sunyak, et al v. Cincinnati City of, et al.*, Case No.1:11-cv-00445-MRB (S.D. Ohio)(appointed co-lead counsel; negotiated settlement providing improved pension and healthcare benefits for the Current Employees Class valued at approximately $165 million); *In re Department of Veterans Affairs (VA) Data Theft Litig.*, MDL No. 1796, No. 1:06-mc-00506 (D.D.C.) (appointed class counsel along with Gary E. Mason; negotiated $20 million cash settlement); *Parker v. Berkeley Premium Nutraceuticals*, No. 04 CV 1903 (Ohio C.P.

---

[11] Ms. Emert has also had major roles in many class actions which resulted in very large recoveries for a class. For example, she had significant roles in, among other cases: *Overby v. Tyco International, Ltd.* (N.D. N.H.) (class recovery of $70.5 million); *In re Westinghouse Securities Litigation* (W.D. Penn.) (cash recovery of $67.25 million); *In re Sunglass Hut International, Inc. Securities Litigation* (S.D. Fla.) (class recovery of $4.5 million in cash); *Szymczak v. Nissan N. Am. Inc.* (S.D.N.Y.) (recovery valued at over $14 million obtained on behalf of a multi-state nationwide class). Furthermore, Stull, Stull & Brody, in a lead or co-lead role, has obtained billions of dollars in recoveries for the classes it has represented. For example, as co-lead counsel in *In re Merck & Co., Inc., Securities, Derivative & "ERISA" Litig.,* MDL No. 1658 (SRC), Nos. 2:05-CV-01151-SRC-MF, 2:05-CV-02367-SRC-MF (D.N.J.), a case on which Ms. Emert worked, SS&B helped obtain a recovery of $1.062 billion for defrauded investors. .

[12] Attached to the Graifman Decl. as **Exhibit 6** is the Goldenberg Decl. which also contains the firm resume for Goldenberg Schneider, LPA and Mr. Goldenberg's personal resume. Additional information is available at www.gs-legal.com.

Montgomery) (co-lead counsel; recovered over $25 million for class); *Linneman v. Vita-Mix Corporation*, No. 1:15-cv-748 (S.D. Ohio) (co-lead counsel; negotiated settlement providing benefits to more than 5 million class members including free replacement of defective blade assembly valued at over $100 per blender); *Shin v. Plantronics, Inc.*, No. 5:18-cv5626 (N.D. Cal.) (co-lead counsel); *Lynevych v. Mercedes Benz USA, LLC*, No. 2:16-cv-881 (D.N.J.) (executive committee). Goldenberg Decl. at ¶5. During the State Attorney General tobacco litigation battles, Mr. Goldenberg served as Special Counsel representing the State of Ohio against the tobacco industry and was part of the litigation team that achieved an unprecedented $9.86 billion settlement for Ohio taxpayers. Goldenberg Decl. at ¶6. This remains the largest settlement in Ohio history. *See State of Ohio, ex rel., Betty D. Montgomery v. Philip Morris, Inc.*, No. 97-CVH05-5114 (Ohio Ct. Com. Pl. Franklin).

### c. John Macoretta (Spector Roseman & Kodroff, P.C.)

John Macoretta is a partner with Spector Roseman & Kodroff, P.C. ("SRK") and has been advocating for clients in all forms of litigation for 30 years. *See* Declaration of John Macoretta in Support of Plaintiffs' Motion for Appointment of Interim Class Counsel ("Macoretta Decl."), ¶3.[13] Mr. Macoretta and/or SRK have served in leadership positions of numerous class actions and achieved over a billion dollars in recoveries. Macoretta Decl. at ¶3. *See, e.g., Vista Healthplan, et al v. Cephalon*, et al, 2:cv-06 1833 (E.D.Pa.) (co-lead counsel); *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456 (D. Mass.) (trial counsel); *In re Lupron Marketing and Sales Practices Litigation*, MDL No. 1430 (D. Mass.) (co-lead counsel); *In re Unisys Corporation Securities Litigation*, No. 99-CV-5333 (E.D. Pa.) (lead counsel); *Masters v.*

---

[13] Attached to the Graifman Decl. as **Exhibit 7** is the Macoretta Decl. which also contains the firm resume for Spector Roseman & Kodroff and Mr. Macoretta's personal resume. Additional information is available at www.srkattorneys.com.

*Wilhelmina Model Agency, Inc*., No. 02 Civ. 4911 (S.D.N.Y.) (co-counsel); *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, No. M-02-1486 PJH (N.D. Cal.) (co-counsel); *In re Automotive Parts Antitrust Litig*., MDL No. 2311 (E.D. Mi.) (co-lead counsel); *In re Google Inc. Street View Electronic Communications Litigation* (N.D. Cal.) (co-lead counsel); *In re Domestic Drywall Antitrust Litig*., MDL No. 2437 (E.D. Pa.) (co-lead counsel); *In re Blood Reagents Antitrust Litig*., MDL No. 2081 (E.D. Pa.) (lead counsel); *McDonough, v. Toys R Us* (E.D. Pa.) (co-lead counsel); *In re Linerboard Antitrust Litigation*, MDL No. 1261 (E.D. Pa.) (co-lead counsel); *In re OSB Antitrust Litigation*, Master File No. 06-CV-00826 (PSD) (E.D. Pa.) (lead counsel); *In re Flat Glass Antitrust Litigation*, MDL No. 1200 (W.D. Pa.) (co-lead counsel); In *re Abbott Labs-Depakote Shareholder Derivative Litigation*, No.: 1:11-cv-08114 (VMK) (N.D.Ill.) (lead counsel).

### d. Joel Rhine (Rhine Law Firm)

Joel Rhine has decades of experience in complex litigation matters, including class actions, mass torts, products liability, consumer fraud, catastrophic personal injury and wrongful death cases, construction accidents and defects, trucking accidents, and data breach, amongst others. *See* Declaration of Joel Rhine in Support of Plaintiffs' Motion for Appointment of Interim Class Counsel ("Rhine Decl."), ¶4.[14] Mr. Rhine's recent results include obtaining the largest settlement in the Chinese Drywall litigation in New Orleans ($24,000,000.00).  *Id*. at ¶5. Mr. Rhine helped obtain a settlement in excess of $25 million settlement in a Pella Window Class Action in the North District of Illinois.  *Id*. at ¶5;  *Eubank v. Pella Corporation and Pella Windows and Doors*, No. 06-cv-4881 (N.D. Ill.).  Mr. Rhine also served as co-lead counsel in *Finerman et al v. Marriott*

---

[14] Attached to the Graifman Decl. as **Exhibit 8** is the Rhine Decl. which also contains the firm resume for Rhine Law Firm and Mr. Rhine's personal resume.  Additional information is available at www.carolinaaccidentattorneys.com.

*Ownership Resorts, Inc, and International Cruise & Excursion Gallery,* No. 3:14-cv-1154 (M.D. Fla.) which settled for over $16.5 million. *Id*. at ¶5. In addition, Mr. Rhine was appointed to the Plaintiff Steering Committee in the *Benicar (Olmesartan) Products Liability Litigation,* MDL No. 15-2606 (2015). And Mr. Rhine currently serves as co-lead counsel in two pending data breach putative class actions. *See Boykin v. Tennessee Orthopaedic Alliance, P.A*., No. 20C791 (Tenn. Ct. App.); *Dearing v. Magellan Health, Inc*., No. 2:20-cv-00747-SPL (D. Ariz).

### e. Gordon Rudd (Zimmerman Reed, LLP)

Gordon Rudd is a managing partner at Zimmerman Reed, where the Firm represents individuals in the areas of mass tort, antitrust, consumer fraud, and employment law as well as states' attorney general and public entities. *See* Declaration of Gordon Rudd in Support of Plaintiffs' Motion for Appointment of Interim Class Counsel ("Rudd Decl."), ¶¶1, 5.[15] Most recently, the Firm's public client practice has been litigating cases stemming from the opioid crisis and nicotine delivery systems. *Id.* at ¶5. Gordon has been appointed class counsel in cases in both state and federal courts across the country. *Id.* at ¶6. Mr. Rudd recently served as a member of the six person leadership committee in *In re FedEx Ground Package System, Inc. Employment Practices Litigation*, MDL 1700, which settled for more than $400 million. *Id.* He also served as a member of the lead counsel team that achieved a $50 million settlement in a complicated court fight over publicity rights for retired NFL players and represented hundreds of former NFL players regarding concussion-related injuries as well. *Id*. Mr. Rudd has also served as a member of multiple lead counsel teams in multidistrict litigations involving pharmaceuticals and medical

---

[15] Attached to the Graifman Decl. as **Exhibit 9** is the Rudd Decl. which also contains the firm resume for Zimmerman Reed LLP and Mr. Rudd's personal resume. Additional information is available at www.zimmreed.com

devices and represented banks and other financial institutions seeking recovery of losses from the Target data breach. *Id.*

### f. Robert S. Schachter (Zwerling, Schachter & Zwerling)

Robert S. Schachter, a co-founding partner of Zwerling, Schachter & Zwerling, LLP, has been a litigator for over forty years, practicing in the areas of securities, antitrust and consumer class action litigation since 1973. *See* Declaration of Robert S. Schachter in Support of Plaintiffs' Motion for Appointment of Interim Class Counsel ("Schachter Decl."), ¶4.[16] Mr. Schachter has extensive experience in all phases of complex litigation, and has had significant roles in very high profile class actions. *See, e.g., In Anwar v. Fairfield Greenwich Limited*, No. 09-cv-118 (S.D.N.Y.) (part of team that recovered over $100 million on behalf of investors in "feeder funds" that, in turn, invested with Bernard L. Madoff Securities, LLC); *In re Washington Public Power Supply System Securities Litigation*, MDL No. 551 (D. Ariz.) (appointed proof of claim counsel by court); *In re Insurance Brokerage Antitrust Litigation*, MDL No. 1663 (D.N.J.) (part of team responsible for recovery of over $198 million in settlements); *In re Cipro Cases I and II*, JCCP Nos. 4154 and 4220 (Cal. Super.) (part of team responsible for recovery of $399 million in settlements); *Lincoln Adventures, LLC, et al. v. Those Certain Underwriters at Lloyd's London Members of Syndicates*, No. 2:08-cv-00235-CCC-JAD (D.N.J.) (currently serving as class counsel). *Id.* at ¶5.

### g. Jonathon Shub (Shub Law Firm, LLC)

---

[16] Attached to the Graifman Decl. as **Exhibit 10** is the Schachter Decl. which also contains the firm resume for Zwerling, Schachter & Zwerling, LLP and Mr. Schachter's personal resume. Additional information is available at www.zsz.com.

Jonathan Shub is a partner with Shub Law Firm LLC. See Declaration of Jonathon Shub in Support of Plaintiffs' Motion for Appointment of Interim Class Counsel ("Shub Decl."), ¶1.[17] Mt. Shub has represented consumers in false advertising and defective product cases over the last three decades. He has been appointed lead counsel and served in leadership positions in dozens of cases. He recently has served as lead counsel in a New York state case against KIWI Energy LLC for deceptive advertising of residential energy practices, in Illinois against Direct Energy for deceptive advertising of residential energy practices, and in Pennsylvania against PG&E for deceptive advertising of residential energy practices. He also served as co-lead counsel in a settled national litigation against CPG International for deceptive advertising in connections with deceptive advertising of AZEK-branded decking products.

Mr. Shub has also served as executive committee counsel in national litigation against Western Union for deceptive practices in connection with money transfers, which settled on a nationwide bases. Most recently, Mr. Shub was co-lead and co-trial counsel in a class action against a municipality for violation of a state privacy law. The trial resulted in a jury award of approximately $68,000,000 to the Class.

### h. Melissa Weiner (Pearson, Simon & Warshaw, LLP)

Melissa Weiner is a partner with Pearson, Simon & Warshaw, LLP ("PSW"), a firm with offices in Minneapolis, Los Angeles, and San Francisco. See Declaration of Melissa Weiner in Support of Plaintiffs' Motion for Appointment of Interim Class Counsel ("Weiner Decl."), ¶1.[18] Ms. Weiner currently chairs the plaintiffs' executive committee in *In Re Santa Fe Natural*

---

[17] Attached to the Graifman Decl. as **Exhibit 11** is the Shub Decl. which also contains the firm resume for the Shub Law Firm LLC and Mr. Shub's personal resume. Additional information is available at www.shublawyers.com

[18] Attached to the Graifman Decl. as **Exhibit 12** is the Weiner Decl. which also contains the firm resume for Pearson, Simon & Warshaw, LLP and Ms. Weiner's personal resume. Additional information is available at www.pswlaw.com

*Tobacco Company Marketing & Sales Practices and Products Liability Litigation*, 1:16-md-02695-JB-LF (D.N.M.), a case involving the false and deceptive marketing of tobacco products. *Id.* at ¶2. Additionally, Ms. Weiner has been named class counsel—and achieved significant results for consumers—in the following actions: *Frohberg v. Cumberland Packing Corp.*, No. 1:14-cv-00748-KAM-RLM (E.D.N.Y.) (misleading "natural" sweetener); *Martin et al. v. Cargill, Inc.*, No. 1:14-cv-00218-LEKBMK (D. Haw.) (misleading "natural" sweetener); *Gay v. Tom's of Maine, Inc.*, 0:14-cv-60604-KMM (S.D. Fla.) (misleading "natural" cosmetics); *Baharestan v. Venus Laboratories, Inc. d/b/a Earth Friendly Products, Inc.*, 315-cv-03578-EDL (N.D. Cal.) (misleading "natural" snack foods); *Barron v. Snyder's-Lance, Inc.*, 0:13-cv-62496-JAL (S.D. Fla.) (misleading "natural" snack foods). *Id.* at ¶3.

In the product defect arena, Ms. Weiner helped achieve a significant settlement against Nissan for defective continuously variable transmissions in *Weckwerth, et al. v. Nissan North America, Inc.*, 3:18-cv-00588, (M.D. Tenn.). *Id.* at ¶4. Additionally, Ms. Weiner was appointed to the plaintiffs' steering committee in *In Re Samsung Top-Load Washing Machine Marketing, Sales Practices & Product Liability Litigation*, 5:17-md-02792 (W.D. Okla.), a class action regarding a design defect in 2.8 million top loading washing machines, which resulted in a nationwide settlement. *Id.* at ¶5. Ms. Weiner was also appointed to the PSC in *In Re Windsor Wood Clad Window Product Liability Litigation*, 16-MD-02688 (E.D. Wis.), a nationwide class action regarding allegedly defective windows where she assisted lead counsel in successfully resolving the action. *Id.* at ¶5.

### C. Proposed Interim Counsel Have Committed, And Will Continue To Commit, The Resources Necessary To Represent The Class

A court appointing interim lead counsel should consider, in part, the resources that counsel will commit to representing the putative class. Fed. R. Civ. P. 23(g)(1)(C). Here, Proposed

Interim Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the country, from San Francisco to Cincinnati to Washington, D.C. and New York. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the Class members. In fact, Proposed Interim Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to this litigation. They have spent hundreds of hours litigating this action, including working intensively with potential consultants and experts. In addition, Proposed Interim Counsel have agreed to pay assessments to ensure that adequate funds are available to prosecute this litigation. And, as their firm resumes and related declarations indicate, Mason Lietz & Klinger LLP, Levin Sedran & Berman LLP, Greg Coleman Law, Kantrowitz Goldhamer & Graifman, P.C., Stull, Stull & Brody, Goldenberg Schneider, L.P.A., Spector Roseman & Kodroff, P.C., Rhine Law Firm, Zimmerman Reed LLP, Zwerling, Schachter & Zwerling, the Shub Law Firm LLC, and Pearson, Simon & Warshaw, LLP are well-suited to, and committed to, aggressively prosecute this matter.

### D. Other Factors Support Designating Proposed Interim Counsel

Notably, the proposed leadership structure has the support of all the Plaintiffs and all the firms involved in this litigation. *See In re Aluminum Phosphide Antitrust Litig.*, No. 93-2452, et. al., 1994 WL 4818487, at **5, 7 (D. Kan. May 17, 1994) ("In designating lead counsel, the Court will also give due consideration to the preferences expressed by the parties themselves, through their counsel …. Absent persuasive evidence to the contrary, the court assumes that nominations and votes for lead counsel are made in good faith for reasons that benefit the client.").

Proposed Interim Counsel also reflect the diversity of the bar and the class members — from the standpoint of age, gender, experience and geographic location. *See* Bolch Judicial Institute, Duke Law School, Guidelines and Best Practices for Large and Mass-Tort MDLs 38 (2d

ed. 2018) ("The judge's primary responsibility in the selection process is to ensure that the lawyers appointed to leadership positions are capable and experienced and that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds.").

Another important consideration in selecting leadership is the ability to work well as a team, with opposing counsel, and with the Court. It is undeniably true that the role of leadership in complex litigation places a premium on professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the court, all of which are "critical to successful management of the litigation." MANUAL FOR COMPLEX LITIGATION § 10.23 (4th ed. 2004). One of the demanding aspects of complex litigation is "the difficult[y] of having to communicate and establish effective working relationships with numerous attorneys (many of whom may be strangers to each other)." *Id*. § 10.21. This process has the potential for disorganization, in-fighting, and inefficiencies. It is useful to consider whether counsel applying for leadership "have worked together in other cases, their ability to collaborate in the past, divide work, avoid duplication, and manage costs." Duke Guidelines, *supra*, at 43. Selecting lawyers who have previously worked together has a number of benefits. They have developed working relationships, know of complimentary talents, and "developed certain systems for handling workflow and comparative advantages that will help expedite the case relative to a leadership committee …" *Id*.

Here, Mr. Mason and Ms. Soffin's firms have worked together multiple times in prosecuting class actions, including *Rice-Sherman, et al. v. Big Heart Pet Brands, Inc*., No. 19-cv-03613 (N.D. Cal. 2019). See Mason Decl., ¶ 9. Mr. Mason, and Mr. Schaffer also have a long record of working well together. *See, e.g., Newman, et al. v. Metropolitan Life Insurance Company*, No. 1:16-cv-03530 (N.D. Ill.); *In re Synthetic Stucco Litigation*, No. 5:96-CV-287-

BR(2) (E.D.N.C.). In addition, Mr. Mason, Mr. Schaffer, Mr. Goldenberg and Ms. Emert presently work together on numerous consumer class actions, including MDLs. *See, e.g., In re: Hill's Pet Nutrition, Inc. Dog Food Products Liability Litig*., MDL No. 2887, Case No. 19-md-2887 (D. Kan. 2019). In *In re: Intel Corp. CPU Marketing. and Product Liability Litigation*, No. 3:18-md-02828 (D. Or. 2018), Ms. Emert and Mr. Schaffer serve on the Plaintiffs' Steering Committee. Mr. Schaffer and Ms. Emert all serve on the Executive Committee for *In re: Apple Inc. Device Performance Litigation*, 5:18-md-02827 (N.D. Cal. 2018) and work closely in the litigation.

Proposed Co-Lead Counsel also have a good working relationships with opposing counsel, Keith Smith. Mr. Smith is national defense counsel for National Foam Inc. in *In re: Aqeuous Film -Forming Foams Products Liability Litigation*, MDL No. 2:18-mn-2873 -RMG (SC). Proposed Co-Lead Counsel Charles Schaffer is a member of Plaintiffs' Executive Committee in that MDL and has been leading the National Foam, Inc. discovery team on behalf of the Plaintiffs. In this regard, Mr. Schaffer and Mr. Smith have worked for over the last year or more on a multitude of complex discovery issues, and as a result have forged a relationship which will advance this litigation in an efficient manner.

Importantly, Proposed Interim Counsel have not made any agreements with each other or with other counsel in this case with respect to fees or any other related matter. Proposed Interim Counsel understand that they will be required to make contributions to fund the litigation and they will not accept any third-party litigation funding.

Proposed Interim Counsel intends to litigate the case zealously, and they are fully aware of the Court's expectation that they prosecute the case efficiently and without duplication. Proposed Interim Counsel have already discussed how best to organize itself to most effectively utilize its members' diverse skills and unique experiences for the efficient prosecution and

management of this litigation, while avoiding unnecessary and duplicative billing. Attached for the Court's consideration is a proposed order outlining the roles of proposed Interim Co-Lead Counsel, Liaison Counsel, and the Executive Committee. *See* Exhibit 13. The proposed order is based on guidance and language from a variety of sources, including the Manual on Complex Litigation, the Duke Guidelines, and orders entered in other cases. Proposed Interim Class Counsel have structured the Executive Committee so that each attorney serving the Committee will focus their efforts on one or more of the following areas: (i) law and motion briefing, (ii) class certification; (iii) defendants and third party discovery; (iv) plaintiff discovery; and (v) expert discovery. This structure will eliminate duplication of effort and ensure that each of these critical areas receives focused attention.

## V.     **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court appoint Gary E. Mason (Mason Lietz & Klinger LLP), Gary M. Klinger (Mason Lietz & Klinger LLP), Charles Schaffer (Levin Sedran & Berman LLP), and Rachel Soffin (Greg Coleman Law) as Interim Co-Lead Counsel; Gary S. Graifman (Kantrowitz Goldhamer & Graifman, P.C. ) as Interim Liaison Counsel; and Melissa R. Emert (Stull, Stull & Brody), Jeffrey Goldenberg (Goldenberg Schneider, L.P.A.), John Macoretta (Spector Roseman & Kodroff, P.C.), Joel Rhine (Rhine Law Firm), Gordon Rudd (Zimmerman Reed LLP), Robert S. Schachter (Zwerling, Schachter & Zwerling), Jonathon Shub  (the Shub Law Firm LLC), and Melissa Weiner (Pearson, Simon & Warshaw, LLP) as Interim Executive Committee members.  A proposed Order granting this Motion is attached as **Exhibit 13**.

Dated: June 12, 2020

**_Counsel for Plaintiffs_**

_s/ Gary S. Graifman_
Gary S. Graifman
**KANTROWITZ GOLDHAMER
& GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977
Tel: (845) 356-2570
Fax: (845) 356-4335
ggraifman@kgglaw.com

Gary M. Klinger (_pro hac vice_)
**MASON LIETZ & KLINGER LLP**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: (312) 283-3814
Fax: (773) 496-8617
gklinger@masonllp.com

Gary E. Mason (_pro hac vice_)
David Lietz (_pro hac vice forthcoming_)
**MASON LIETZ & KLINGER LLP**
5101 Wisconsin Avenue NW, Suite 305
Washington, D.C. 20016
Tel: (202) 429-2290
Fax: (202) 42902294
gmason@masonllp.com
dlietz@masonllp.com

Melissa R. Emert
**STULL, STULL & BRODY**
6 East 45th Street
New York, NY 10017
Tel: (954) 341-5561
Fax: (954)341-5531
memert@ssbny.com

Charles E. Schaffer (_pro hac vice forthcoming_)
**LEVIN, SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel.: (215) 592-1500
Fax: (215) 592-4663
cschaffer@lfsblaw.com

Rachel Soffin (*pro hac vice forthcoming*)
**Greg Coleman Law**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Tel: (865) 247-0080
rachel@gregcolemanlaw.com

Robin F. Zwerling (RZ 6736)
Robert S. Schachter (RS 7243)
Dan Drachler (DD 1526)
Sona R. Shah (SS 4712)
**ZWERLING, SCHACHTER &
ZWERLING LLP**
41 Madison Avenue, 32nd Floor
New York, NY 10010
Tel: (212) 223-3900
Fax: (212) 371-5969
rzwerling@zsz.com
ddrachler@zsz.com
rschachter@zsz.com
sshah@zsz.com

Jeffrey S. Goldenberg (*admitted pro hac vice*)
**GOLDENBERG SCHNEIDER, L.P.A.**
4445 Lake Forest Drive, Suite 490
Cincinnati, OH 45242
Tel.: (513) 345-8297
Fax: (513) 345-8294
jgoldenberg@gs-legal.com

J. Gordon Rudd, Jr. (*admitted pro hac vice*)
(MN Bar No. 222082)
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel.: (612) 341-0400
Fax: (612) 341-0844
Gordon.Rudd@zimmreed.com

Melissa S. Weiner (*pro hac vice forthcoming*)
**PEARSON, SIMON & WARSHAW, LLP**
800 LaSalle Avenue, Suite 2150
Minneapolis, Minnesota 55402
Telephone: (612) 389-0600
Facsimile: (612) 389-0610

mweiner@pswlaw.com

Jonathan Shub (*pro hac vice forthcoming*)
SHUB LAW FIRM, LLC
134 Kings Highway, Second Floor
Haddonfield, New Jersey 08033
Telephone:  (856) 772-7200
jshub@shublawyers.com