USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/30/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: DEVA CONCEPTS PRODUCTS LIABILITY LITIGATION

This Document Relates To:

All Cases

Master File No. 1:20-cv-01234-GHW

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING A NATIONWIDE CLASS, APPROVING PROPOSED NOTICE, AND SCHEDULING FAIRNESS HEARING**

Upon review and consideration of the Settlement and all Exhibits thereto that have been filed with the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. The Court has carefully reviewed the Settlement, as well as the files, records, and proceedings to date in this matter. The definitions in the Settlement are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Settlement.

2. The Parties have agreed to settle the Litigation upon the terms and conditions set forth in the Settlement that has been filed with the Court. The Settlement, including all Exhibits thereto, is preliminarily approved as fair, reasonable, and adequate. Plaintiffs, by and through their counsel, conducted a robust investigation into the facts and law relating to the matters alleged in their Complaints, including into marketing, advertising, and labeling of the products, as well as legal research as to the strength and sufficiency of the claims and defenses thereto, and

appropriateness of class certification. The Settlement provides meaningful relief to the Class including potentially substantial cash payments for those who allege to have suffered significant injuries (up to $19,000 cumulatively), equitable relief, and compensation for even those with modest damages that Plaintiffs and Class Counsel believe are potentially recoverable or provable at trial without the costs, uncertainties, delays, and other risks associated with continued litigation, trial, and/or appeal.

3. The Court provisionally certifies, for settlement purposes only, a Class of:

> All persons who purchased and/or used any of the Products in the United States between February 8, 2008 and such date that is thirty (30) days after the Preliminary Approval Date, excluding (a) any officers, directors or employees, or immediate family members of the officers, directors or employees, of Defendant or any entity in which Defendant has a controlling interest, (b) any legal counsel or employee of legal counsel for Defendant, (c) the presiding Judge in the Lawsuit, as well as the Judge's staff and their immediate family members, and (d) all persons who timely and properly exclude themselves from the Class as provided in the Settlement.

4. The Court provisionally finds, for settlement purposes only and conditioned upon the entry of this Order and subject to final findings and ratification in the Final Order and Judgment, and the occurrence of the Effective Date, that the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all Members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Plaintiffs are typical of the claims of the Class they seek to represent; (d) the Plaintiffs have fairly and adequately represented the interests of the Class and will continue to do so, and the Plaintiffs have retained experienced counsel to represent them; (e) the questions of law and fact common to the Class Members predominate over any questions affecting any individual Class Member; and (f) a class action is

superior to the other available methods for the fair and efficient adjudication of the controversy. All of these findings are made for settlement purposes only.

5. The Court appoints Gary E. Mason of Mason, Lietz, and Klinger LLP and Charles E. Schaffer of Levin Sedran & Berman LLP as counsel for the Class ("Class Counsel"). For purposes of these settlement approval proceedings, the Court finds that these attorneys are competent and capable of exercising their responsibilities as Class Counsel.

6. The Court designates named Plaintiffs Wendy Baldyga, Marisa Cohen, Tami Nunez, Stephanie Williams, Erika Martinez-Villa, Tahira Shaikh, Marcy McCreary, Lauren Petersen, Jody Shewmaker, Diana Hall, and Alanna Hall as the representatives of the Class.

7. The Fairness Hearing shall be held before this Court on December 28, 2021, at 3:00 p.m., to determine whether the Settlement is fair, reasonable, and adequate, and whether it should receive final approval. The Court will also address Class Counsel's application for an award of Attorneys' Fees and Costs and Service Awards for the Plaintiffs (collectively, the "Fee Application") at that time. Papers in support of final approval of the Settlement and the Fee Application shall be filed with the Court according to the schedule set forth in Paragraph 18 below. The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Class. After the Fairness Hearing, the Court may enter a Final Order and Judgment in accordance with the Settlement that will adjudicate the rights of the Class Members (as defined in the Settlement) with respect to the claims being settled.

8. Pending the Fairness Hearing, all proceedings in the Litigation, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement and this Order, are stayed.

9. The Court approves, as to form and content, the Long-Form Notice ("Long Form Notice") and the Short-Form Notice ("Short Form Notice"), attached as Exhibits 5 and 6, respectively, to the Settlement Agreement. The Court further approves the Notice Plan set forth in the Settlement and the Declaration of Carla Peak in Support of Settlement Notice Program ("Peak Decl."), filed with Plaintiffs' Motion for Preliminary Approval of the Settlement.

10. The Court finds that the Long Form Notice, Short Form Notice, and Notice Plan are reasonable, that they constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and that they meet the requirements of due process and Federal Rule of Civil Procedure 23(e). Specifically, the Court finds that the manner of dissemination of the individual notice and media campaign described in the Declaration of Carla A. Peak complies with Rule 23(e), as it is also the best practicable notice under the circumstances, given the manner in which Defendant sells the Products, and is reasonably calculated, under all the circumstances, to apprise members of the class of the pendency of this Action, the terms of the Settlement, and their right to object to the Settlement or exclude themselves from the Class. Notice shall be issued as soon as practicable after this Preliminary Approval Order (the "Notice Date").

11. Class Members will have ninety (90) days total, from the Notice Date, to submit their Claim Forms, which the Court finds is adequate and sufficient time.

12. Each member of the Class who wishes to be excluded from (*i.e.*, opt out of) the Class and follows the procedures set forth in this Paragraph shall be excluded. Members of the Class wishing to exclude themselves from the Settlement must send to the Settlement Administrator by U.S. mail (to the address described in the Notice) a personally signed letter including (a) their full name (individuals only); (b) current address; (c) a clear statement communicating that they elect to be excluded from the Class, do not wish to be a Class Member,

4

understand that they will not receive any monetary benefit under the Settlement, and that they elect to be excluded from any judgment entered pursuant to the Settlement; (d) their original signature; and (e) the case name and case number (*In Re: Deva Concepts Products Liability Litigation*, No: 1:20-cv-01234-GHW). Any request for exclusion (*i.e.*, to opt out) must be postmarked no later than sixty (60) days from the Notice Date. All persons who properly elect to opt out of the Settlement shall not be Class Members and shall relinquish their rights and eligibility for Benefits under the Settlement, should it be finally approved, and may not file an objection to the Settlement or appear at the Fairness Hearing.

13. Any member of the Class who fails to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement and the Final Order and Final Judgment.

14. Class Members may object to the terms and conditions of the Settlement, the certification of the Class, the entry of the Final Order and Judgment, the amount of Attorney's Fees and Costs requested by Class Counsel, and/or the amount of the Service Awards requested by the Plaintiffs, by filing a written objection with the Court and serving the written objection upon Class Counsel and Defense Counsel (as defined in the Settlement) in the manner set forth in paragraph 5. Class Members who fail to file with the Court and serve upon Class Counsel and Defense Counsel timely written objections in the manner specified in the Settlement, the Long Form Notice, and the Summary Notice shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. The Court will not consider written objections that are mailed to the Court and not filed, or objections that are served on the Parties but not filed with the Court.

15. Class Members who object must set forth (a) their full name (individuals only); (b) current address; (c) a written statement of their objection(s) and the reasons for each objection;

(d) a statement of whether they intend to appear at the Fairness Hearing (e) their signature; (f) the case name and case number (*In Re: Deva Concepts Products Liability Litigation*, No: 1:20-cv-01234-GHW); and (g) a detailed list of any other objections submitted by the Class Member, or his/her counsel, to any class actions submitted in any court, whether state, federal, or otherwise, in the United States in the previous five (5) years. If the Class Member or his/her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she shall affirmatively state so in the written materials provided in connection with the Objection to this Settlement. No Class Member shall be entitled to be heard at the Fairness Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Class Member shall be received or considered by the Court at the Fairness Hearing, unless copies of any written objections and/or briefs, along with the Class Member's statement of intent to appear at the Fairness Hearing, have been filed with the Court and served via U.S. mail on the Settlement Administrator, as well as emailed to Class Counsel and Defense Counsel at the addresses set forth below no later than sixty (60) days from the Notice Date. Class Members who intend to appear but do not object to the Settlement shall file a Notice of Appearance no later than sixty (60) days from the Notice Date. Objections must be served as follows:

      Upon Settlement Administrator at:

      DevaCurl Settlement Administrator
      KCC Class Action Services LLC
      [at the address provided in the Notice]

      Upon Class Counsel at:

      Gary E. Mason
      MASON LIETZ & KLINGER LLP
      5101 Wisconsin Ave., NW, Ste 305
      Washington, D.C. 20016

Email: gmason@masonllp.com

Charles E. Schaffer
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Email: cschaffer@lfsblaw.com

Upon Defense Counsel at:

Keith E. Smith
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, NY 10166
Email: smithkei@gtlaw.com

16. Class Counsel shall file their Fee Application on or before 21 days prior to the deadline for Settlement Class Members to object or exclude themselves from the Settlement.

17. Papers in support of final approval of the Settlement shall be filed with the Court on or before 14 days prior to the Final Approval Hearing.

18. Responses to objections to the Settlement or Fee Application shall be filed with the Court on or before 14 days prior to the Final Approval Hearing.

19. In summary, the deadlines set by this Order are as follows:

(a) The Long Form Notice shall be published within forty-five (45) days after the entry of this Order;

(b) The Short Form Notice shall be published within forty-five (45) days after the entry of this Order;

(c) Class Counsel shall file their Fee Application no later than 21 days prior to the deadline for Settlement Class Members to object or exclude themselves from the Settlement;

(d) Papers in support of final approval of the Settlement shall be filed with the Court on or before 14 days prior to the Final Approval Hearing;

(e) Members of the Class who desire to be excluded shall submit requests for exclusion postmarked no later than sixty days from the Notice Date;

(f) All written objections to the Settlement, including written notices of the objecting Class Member's intention to appear at the Fairness Hearing, shall be filed with the Court and served on Class Counsel and Defense Counsel no later than sixty days from the Notice Date;

(g) Class Members who intend to appear but do not object to the Settlement shall file a Notice of Appearance by no later than sixty days from the Notice Date;

(h) Responses to objections to the Settlement or the Fee Application shall be filed with the Court no later than 14 days prior to the Final Approval Hearing; and

(i) The Fairness Hearing shall be held on **December 28, 2021** at **3:00 p.m.** The conference will take place by telephone. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Emergency Rules.

20. These deadlines may be extended by order of the Court, for good cause shown, without further notice to the Class. Class Members must consult the Settlement Website www.curlyhairsettlement.com regularly for updates and further details regarding extensions of these deadlines.

21. Pending final determination of whether the Settlement should be approved, Plaintiffs and Class Members, or any of them, are prohibited from directly, indirectly, derivatively, in a representative capacity, or in any other capacity, commencing, prosecuting, or continuing any other action in any forum (state or federal) against any of the Released Parties (as that term is defined in the Settlement Agreement) in any court or tribunal asserting any of the Released Claims (as that term is defined in the Settlement Agreement).

22.     KCC Class Action Services LLC is hereby appointed as Settlement Administrator for this Settlement and shall perform all of the duties of the Settlement Administrator set forth in the Settlement.

23.     Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement, including making, without further approval of the Court, minor changes to the form or content of the Long Form Notice, Short Form Notice, and other Exhibits that they jointly agree are reasonable or necessary.

24.     In the event the Court does not grant final approval to the Settlement, or if for any reason the Parties fail to obtain a Final Order and Judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, or the Effective Date does not occur for any reason, then the following shall apply:

a.     All orders and findings entered in connection with the Settlement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

b.     The provisional certification of the Class for settlement purposes pursuant to this Order shall be vacated automatically, and the Litigation shall proceed as though the Class had never been certified pursuant to this Settlement and the related findings had never been made;

c.     Nothing contained in this Order is, or may be construed as, a presumption, concession, or admission by or against Defendant or Plaintiffs of any default, liability, or wrongdoing as to any facts or claims alleged or asserted in the Litigation, or in any actions or proceedings, whether civil, criminal or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the Litigation as a class action;

    d.  Nothing in this Order or pertaining to the Settlement, including any of the documents or statements generated or received pursuant to the claims process, shall be used as evidence in any further proceeding in this Action, including, but not limited to, motions or proceedings seeking treatment of the Litigation as a class action; and

    e.  All of the Court's prior Orders having nothing whatsoever to do with the Settlement shall, subject to this Order, remain in force and effect.

    SO ORDERED.

DATED: July 30, 2021  
New York, New York

                   _____  
                   The Honorable Gregory H. Woods