USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/25/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
  :
  :
  :
IN RE:  DEVA CONCEPTS PRODUCTS        :    Master file 1:20-cv-01234-GHW
LIABILITY LITIGATION                  :
  :
  :    MEMORANDUM OPINION
-----------------------------------------------------------------X        AND ORDER


GREGORY H. WOODS, United States District Judge:

    Movant Katherine Robaina seeks leave to be excluded from the class action settlement that was approved by this Court on January 2, 2022 (the "Settlement") so that she may pursue claims against Defendant Deva Concepts, LLC in a related case, *Adams, et al. v. Deva Concepts, LLC*, No. 20-cv-09717.  Ms. Robina claims that she timely provided her notice of exclusion to her counsel, but that her counsel inadvertently failed to mail that notice to settlement administrator by the established deadline to opt out of the class action settlement.  Because Ms. Robina cannot demonstrate excusable neglect for her failure to meet the deadline, Ms. Robina's motion is denied.

    **I.    BACKGROUND**

    **a.  Factual Background**

    In 2020, over twenty putative class actions were filed in this District alleging that Defendant's DevaCurl hair products caused scalp irritation, excessive shedding, hair loss, thinning, breakage, and balding.  *See, e.g.*, *Bell v. Deva Concepts, LLC*, No. 20-cv-7136; *Ciccia et al v. Deva Concepts, LLC*, No. 20-cv-1520; *Schwartz et al v. Deva Concepts, LLC,* No. 20-cv-1657; *Bolash et al v. Deva Concepts, LLC,* No. 20-cv-2045; *Abdulahi et al v. Deva Concepts, LLC*, No. 20-cv-2047.  Ms. Robaina, along with 117 other individuals, was named as a plaintiff in one of those lawsuits, *Adams, et al. v. Deva Concepts, LLC*, No. 20-cv-09717.  In *Adams*, she alleged that, as a result of her use of Defendant's hair care products, she "suffered hair loss, hair breakage, poor hair condition, hair

discoloration and scalp/facial irritation or rash." Second Amended Complaint, *Adams v. Deva Concepts LLC*, No. 20-cv-9717, Dkt. No. 39 ¶ 242.

Thirteen of the lawsuits against Defendant—but not *Adams*—were consolidated in this case. On July 30, 2021, the Court granted preliminary approval of the Settlement in this consolidated case. Dkt. No. 118. That order provisionally certified class members for settlement purposes only, defining the class as

> All persons who purchased and/or used any [DevaCurl Products] in the United States between February 8, 2008 and such date that is thirty (30) days after the Preliminary Approval Date, excluding (a) any officers, directors or employees, or immediate family members of the officers, directors or employees, of Defendant or any entity in which Defendant has a controlling interest, (b) any legal counsel or employee of legal counsel for Defendant, (c) the presiding Judge in the Lawsuit, as well as the Judge's staff and their immediate family members, and (d) all persons who timely and properly exclude themselves from the Class as provided in the Settlement.

*Id.* ¶ 3. Class members were required to seek exclusion from the settlement by way of a signed writing post marked to the settlement administrator no later than October 22, 2021. *Id.* at ¶ 12, Dkt. No. 127-3 at 3. The order further clarified that "[a]ny member of the Class who fails to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement and the Final Order and Final Judgment." Dkt. No. 118 ¶ 13.

On September 20, 2021, Ms. Robaina signed an exclusion letter. Davis Decl. ¶ 3. Six days later, she sent that letter via email to her counsel, Ms. Amy Davis. *Id.* Ms. Davis, with the help of her paralegal, collected exclusion letters from 108 other plaintiffs in *Adams* and mailed them to the settlement administrator, postmarked October 22, 2021. *Id.* ¶ 4. Ms. Robaina's letter was accidentally omitted from the packet of letters. *Id.* Ms. Robaina believed that her letter had been submitted to the settlement administrator. *Id.* Because she believed that she had successfully opted out of the class, she did not file a claim as part of the class action settlement. *Id.* ¶ 7.

On January 3, 2022, the Court approved the Settlement in this case. Dkt. No. 131. Ms. Davis was not aware that Ms. Robaina had not been excluded from the Settlement until January 19,

2022, when counsel for Defendant informed Ms. Davis that Ms. Robaina's name was not on the final opt-out list. Davis Decl. ¶ 6. Ms. Davis contacted the settlement administrator, who confirmed that the letter had been omitted from Ms. Davis's October 22, 2021 packet of exclusion letters. *Id.* Ms. Davis provided the signed exclusion letter to Defendant's counsel on January 19, 2022, and has also provided that letter to the settlement administrator and Defendant's counsel. *Id.* ¶ 8.

### b. Procedural Background

Ms. Robaina filed a motion for leave to file for an exclusion from the class action settlement on February 3, 2022. Dkt. No. 132. Defendant and the class filed an opposition on February 16, 2022. Dkt. No. 136.

## II.   LEGAL STANDARD

"Absent a violation of due process or excusable neglect for failure to timely opt out, a class-action settlement agreement binds all class members who did not do so." *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 129 (2d Cir. 2011). An individual seeking leave to opt out after the deadline for doing so has passed may seeks to do so pursuant to Rule 6 of the Federal Rules of Civil Procedure, which "permits a court to extend the time during which an act must be done 'on motion made after the time has expired if the party failed to act because of excusable neglect.'" *Id.* (quoting Fed. R. Civ. P 6(b)(2).

"In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the Supreme Court set forth four factors to be considered in connection with an assertion of 'excusable neglect' as justification for a missed judicial deadline: (1) 'the danger of prejudice' to the party opposing the extension; (2) 'the length of the delay and its potential impact on judicial proceedings'; (3) 'the reason for the delay, including whether it was within the reasonable control' of the party seeking the extension; and (4) whether the party seeking the extension 'acted in good faith.'" *In re Am. Exp. Fin. Advisors*, 672 F.3d at 129 (citing *Pioneer*, 507 U.S. at 395). The Second Circuit "ha[s] focused on the

third factor: 'the reason for the delay, including whether it was within the reasonable control of the movant.'" *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (quoting *Pioneer*, 507 U.S. at 395)). Indeed, 'the four *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import." *Id.* n.7 (quoting *Graphic Communications Int'l Union v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 5–6 (1st Cir. 2001)). "While prejudice, length of delay, and good faith might have more relevance in a close[ ] case, the reason-for-delay factor will always be critical to the inquiry." *Id.*

"To establish excusable neglect . . . a movant must show good faith and a reasonable basis for noncompliance." *In re Painewebber Ltd. Partnerships Litig.*, 147 F.3d 132, 135 (2d Cir. 1998). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392. *Id.* Indeed, "[t]he equities will rarely if ever favor a party who 'fail[s] to follow the clear dictates of a court rule' . . . where 'the rule is entirely clear." *Silivanch*, 333 F.3d at 366–67 (quoting *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997)). Accordingly, "a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Id.*

### III.     DISCUSSION

Here, Ms. Robaina has not shown excusable neglect. Beginning with the third and most important factor—the reason for the delay—that Ms. Robaina's counsel mistakenly failed to mail her exclusion letter is an insufficient basis to grant relief. The October 22, 2021 deadline for opt-outs was established in the Court's July 30, 2021 order and was stated repeatedly in the notice sent to class members. *See* Dkt. Nos. 118, 127-3. Ms. Robaina's exclusion notice was not mailed by that date. "[F]ailure to follow the clear dictates of a court rule will generally not constitute such excusable neglect." *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997).

Certainly, counsel's error in failing to mail Ms. Robaina's excusal notice is unfortunate. However, "the Second Circuit Court of Appeals . . . [has] made clear that it takes a very restrictive

view of what errors should be excused." *In re Johns-Manville Corp.*, No. 04-cv-8001, 2006 WL 1676392, at *3 (S.D.N.Y. June 14, 2006), *aff'd,* 476 F.3d 118 (2d Cir. 2007). And as the Supreme Court has repeatedly commented, a client must "be held accountable for the acts and omissions of their chosen counsel. . . . [T]he proper focus is upon whether the neglect of respondents *and their counsel* was excusable." *Pioneer*, 507 U.S. at 397 (collecting cases) (emphasis in the original). An attorney's mistake, though unfortunate, is not grounds for finding excusable neglect. *See, e.g., Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 251 (2d Cir. 1997) (affirming the lower court's determination that there had been no excusable neglect where a client's counsel missed the filing deadline for a response to a motion for summary judgment); *Shumsker v. Citigroup Glob. Markets Inc.*, 569 F. App'x 16, 19 (2d Cir. 2014) (affirming lower court's determination that a movant had failed to show excusable neglect where she and her counsel "genuinely believed the other was responsible for sending the opt-out notice," including because that assertion was not found to be credible); *United States v. Hooper*, 43 F.3d 26, 29 (2d Cir. 1994) (per curiam) (affirming denial of extension where delay resulted from a poorly supervised legal assistant's ignorance of the rules). Ms. Davis's error, therefore, is not a sufficient reason for Ms. Robaina to prevail on the third factor of the *Pioneer* analysis.

Ms. Robaina is not aided by the fact that neither she nor Ms. Davis recognized the omission of her letter for more than three months following the opt-out deadline. Indeed, in that period, Ms. Robaina and her counsel had multiple opportunities to confirm that the letter had been included in the letters to the settlement administrator, including by checking that list of individuals who had opted out that was appended to the motion for final approval of the class action settlement filed on December 14, 2021 and that was again appended to the Court's January 3, 2022 order approving the settlement. *See* Dkt. Nos. 127-7, 131.

The other *Pioneer* factors, though more nominally more favorable to Ms. Robaina, are insufficient to show excusable neglect. First, there is no indication that she acted in bad faith, and

there would be no significant impact on judicial proceedings given that the Settlement has already been approved. Permitting her to withdraw from the class late is unlikely to have a material impact on the distribution of the proceeds of the Settlement. Moreover, there would be little impact on the *Adams* case were Ms. Robaina permitted to rejoin that case as a plaintiff, given that discovery has not yet commenced and there is a pending motion to dismiss. Still, there is some potential risk of prejudice to Defendant were Ms. Robaina allowed to be excluded from the class, should that decision motivate other class members to also seek untimely exclusions (though that risk is mitigated by the fact that the Settlement amount has been set at $5.2 million). *See* Dkt. No. 111-1 § II(A). Nevertheless, given that Ms. Robaina has not shown a sufficient reason for her delay in seeking to be excused from the settlement, she fails to show excusable neglect. *See Silivanch*, 333 F.3d at 366–67 (remarking that the reason for the delay is the most important *Pioneer* factor).

### IV.   CONCLUSION

Accordingly, Ms. Robaina's motion for leave to be excluded from the Settlement is denied. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 132.

SO ORDERED.

Dated: April 25, 2022  
      New York, New York  
                                                          GREGORY H. WOODS  
                                                        United States District Judge